UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE NOLAN, )<br>a.k.a. RONALD T. WHITE, )<br>a.k.a. WILLIAM S. BOSWELL HUGHES, )<br>)<br>Defendant. )<br>_____ ) | 2:08-CR-135-LDG (RJJ) |

## OMNIBUS ORDER

The above-captioned matter came on for sentencing before this Court on December 9, 2010. Present at that sentencing hearing were George Nolan, defendant herein, and his counsel, as well as representatives of the Plaintiff, United States of America.

Based on the representations, made by both parties during the course of that hearing, this Court makes the following findings of fact:

1. That on April 27, 2010, the defendant pled guilty to two felony counts of access device fraud in violation of 18 U.S.C. § 1029.

2. That the defendant's guilty plea was predicated on, and memorialized by, a written plea agreement between the defendant and the United States, which was voluntarily entered into by both parties. That, in particular, the defendant knowingly, willingly and voluntarily executed that

plea agreement after careful examination of that document, and all of its terms, and pursuant to advice of counsel.

3. That at his change of plea hearing, presided over by this Court on April 27, 2010, the defendant acknowledged, on the record and under oath, his knowing and voluntary execution of that plea agreement.

4. That as an express provision of that plea agreement, the defendant agreed to forfeit various real properties to the United States pursuant to 18 U.S.C. § 982(a)(2)(B) because those properties constituted, or were derived from, proceeds the defendant obtained directly or indirectly as the result of multiple violations of 18 U.S.C. § 1029(a)(2).

5. One such property that the defendant voluntarily agreed to forfeit pursuant to the terms of that plea agreement is identified as 10732 Hunter Mountain Avenue, Las Vegas, Nevada. (A legal description of the Hunter Mountain property is contained in the Indictment and the Plea Agreement which is a part of the written record of this Court.)

6. That on April 28, 2010, this Court having jurisdiction over the real properties, including the Hunter Mountain property, entered a preliminary order of forfeiture with respect to those properties.

7. That the defendant was allowed to use the equity in the Hunter Mountain property as collateral for his release bond, <u>with the express provision, as ordered by this Court</u>, that he take no action to diminish the amount of equity in that subject property. That as of June 2008, the Hunter Mountain property had a line of credit attached to it of approximately $181,000.00. That line of credit was maintained at Chase bank in account number 429411129678.

8. That for the past 12-18 months, the defendant has willfully depleted that line of credit through periodic withdrawal transactions, in contemptuous disregard of this Court's order. In particular, on August 30, 2010, the defendant withdrew $90,000.00 from that Chase bank line of credit and promptly transferred/deposited those same funds into an account at Bank of America, in the name of George Nolan, Account No. 000570109637. All of the funds that the defendant

1 has withdrawn from that Chase line of credit are currently in the Bank of America account referenced above.

9. That by virtue of this Court's *in personam* jurisdiction over the defendant and this Court's entry of the preliminary order of forfeiture respecting all of the real properties that are subject to forfeiture in this criminal prosecution, including the Hunter Mountain property, all actions made by the defendant to deplete the equity in that particular property are in defiance of this Court's express order pertaining to the maintenance of that property pending the outcome of this criminal prosecution. As such, any and all actions taken by the defendant to withdraw, draw down or deplete the monies contained in that Chase equity line of credit, designated as Chase account number 429411129678, were in contempt of this Court's order.

WHEREFORE, pursuant to 21 U.S.C. § 853 (g), which gives this Court express authority to "enter restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants or trustees, **or take any other action to protect the interest of the United States in the property ordered forfeited**" (emphasis added) ; and 21 U.S.C. § 853 (l) which gives this Court authority to "enter orders without regard to the location of any property which may be subject to [criminal] forfeiture" and it is further;

ORDERED, ADJUDGED AND DECREED, that upon presentation of this order by an authorized law enforcement officer of the United States Government, the Bank of America, shall forthwith and immediately withdraw, release and deliver to such federal officer, in the form of a certified bank check, the sum of one hundred seventy-six thousand one hundred seventy-seven dollars and twenty-four cents ($176,177.24) as drawn on the account of George Nolan (Account No. 000570109637); such check to be made out to the United States Secret Service; and it is further;

ORDERED, ADJUDGED AND DECREED, that the United States Secret Service shall use the proceeds from the $176,177.24 to pay off any and all outstanding liens, taxes and

1  collateral expenses (e.g., home owner association fees) attached to the Hunter Mountain Avenue,
2  property; and it is further;

3  ORDERED, ADJUDGED AND DECREED, that promptly after the Secret Service
4  representative pays the improperly withdrawn funds back into the Chase Bank line of credit
5  (identified as account number 429411129678) attached to the Hunter Mountain Avenue
6  residence, as referenced in the foregoing paragraph, Chase Bank is ordered to close that account
7  and take no other action with regard to any activity involving that account, until further notice of
8  this Court; and it is, further;

9  ORDERED, ADJUDGED AND DECREED, that after any and all liens are paid off, as
10 referred to in the foregoing paragraph, the United States Secret Service shall maintain the balance
11 of the funds in a manner that is consistent with its practices as custodian of seized funds, pending
12 further order by this Court; and it is further;

13 ORDERED, ADJUDGED AND DECREED, that the Secret Service agent responsible for
14 carrying out the mandate of this Order shall prepare and execute a return specifying his/her
15 actions, by date, time and place, with regard to this Order; and make due return to this Court.

16 DATED this 14 day of DEC, 2010.

_____
UNITED STATES DISTRICT JUDGE