DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:08-CR-135-LDG-(RJJ) |
| GEORGE NOLAN, | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF SUBSTITUTE PROPERTIES, AND ORDER**

The United States respectfully moves this Court for an Order for an Interlocutory Sale of the following substitute properties:

1) Real property located at 1409 S. Casino Center Blvd., Las Vegas, NV 89104, APN 162-03-210-051, more particularly described as:

   LOT FOUR (4) IN BLOCK SIXTEEN (16) OF BOULDER ADDITION, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 1, OF PLATS, PAGE 52, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

2) 2015 Cadillac ATS, Sedan 4 Door, Black Raven in color, VIN 1G6AA5RA8F0108730, AZ vanity license plate; and

3)  2014 Ford F150, Pickup, Tuxedo Black in Color, VIN 1FTMF1CM8EKD45647, AZ license plate 128 TCE.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Secret Service (USSS) to sell the properties through one of its approved methods.

The grounds for issuing the Order for an Interlocutory Sale are the properties are at risk for further deterioration or decay, the expenses of keeping the properties will take away from the amounts that can be paid to victims, and this Court is authorized to approve interlocutory sales.  This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 20th day of November, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF THE CASE**

**A. Procedural History**

A Two-Count Criminal Information (Information) was brought against George Nolan (Nolan) charging him with Fraud and Related Activity in Connection with Access Devices in violation of 18 U.S.C. § 1029(a)(2).  The Information included a Forfeiture Allegation of 18 U.S.C. § 982(a)(2)(B) and 21 U.S.C. § 853(p). Information, ECF No. 59.

Nolan pled guilty to both counts of Fraud and Related Activity in Connection with Access Devices. Plea Memorandum, ECF No. 61; Change of Plea Minutes, ECF No. 57.  The district court issued a Preliminary Order of Forfeiture (ECF No. 62) requiring Nolan to pay a criminal forfeiture money judgment of $318,632 and forfeiting four pieces of real property.

The district court sentenced Nolan to 35 months custody per count to run concurrent. Sentencing Minutes, ECF No. 105.  As part of the sentence, the district court (1) ordered Nolan to pay restitution in the amount of $318,632 ; (2) entered the Final Order of Forfeiture (ECF No. 104) which included the criminal forfeiture money judgment of $318,632; and (3) attached it to the Judgment in a Criminal Case (ECF No. 107).

**B.  Statement of Facts**

Nolan owes a criminal forfeiture money judgment of $318,632.  The United States filed a Motion to Substitute and to Forfeit Property of George Nolan (ECF No. 135), specifically real property located at 1409 S. Casino Center Blvd., Las Vegas, Nevada 89104; a 2015 Cadillac ATS; and a 2014 Ford F150.  This Court entered the Substitution and Forfeiture Order (ECF No. 137).  On November 19, 2015, the United States Secret Service (USSS) took the substitute properties into custody and personally served George Nolan (ECF No. 138).

The United States now requests this Court to authorize the USSS to sell the substitute properties through one of its approved methods.  The purpose of the interlocutory sales is to liquidate the properties to allow for easier USSS management by converting the properties to cash to reduce the cost of maintaining the properties and to avoid further depreciation.

The remaining statement of facts below comes from the Affidavit of Paralegal Specialist Michelle C. Lewis. Exhibit 1 ("Ex. 1"), attached hereto and incorporated herein by reference as if fully set forth herein.

The cost of the USSS to keep the real property is excessive.  1409 S. Casino Center Blvd., Las Vegas, Nevada 89104 is a vacant 0.16 acre commercial lot.  According to the USSS, the property management expenses will be approximately $1,100 annually. However, if the government sells the real property, the management expenses will not continue to accrue.  The real property currently has an interested buyer who entered into a contract with Nolan for $155,000.  It appears to be an arms-length transaction and the realtor has agreed to lower his commission to 6%.  The United States would like to honor the contract and allow the sale to proceed. Ex. 1.

/ / /

The costs of the USSS to keep the vehicles are excessive as well. According to the USSS, it will cost $7.90 per day for indoor storage and maintenance of the vehicles. While the vehicles are in storage, they will further depreciate in value, and the expenses of keeping the vehicles will reduce the amount that will be paid to the criminal forfeiture money judgment. If the government sells the vehicles, the vehicles will stop depreciating and the management expenses will not continue to accrue. Ex. 1.

**II. ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned property "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). Two of these four reasons for the interlocutory sales apply in this case regarding the substitute properties. The properties are perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the properties is excessive or disproportionate to their fair market value. The United States may sell the properties if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."). The USSS will sell the properties through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited

4

…", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

### III.  CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the substitute properties under the following reasons: (1) the properties are perishable and are at risk of deterioration, decay, and injury; and (2) the expense of keeping the properties is disproportionate to their fair market value. Selling the properties through this interlocutory sale will protect the properties, preserve their value, and liquidate the properties to allow for easier management of the assets to be used towards Nolan's criminal forfeiture money judgment.

Dated this 20th day of November, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
LLOYD D. GEORGE
DATED: __17__ December 2015

5